Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Raagini Shah (SBN 268022)
Email: rshah@reedsmith.com
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Barclays Bank Delaware (erroneously sued as "Barclays Bank Delaware, National Association")

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA—SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIAVIDA LEWIS,<br><br>        Plaintiff,<br><br>vs.<br><br>BARCLAYS BANK DELAWARE, NATIONAL ASSOCIATION, an FDIC insured corporation, and DOES 1 through 100 inclusive,<br><br>        Defendants. | Case No: C 12 4765<br><br>[Removal from Superior Court of California, County of San Francisco Case No. CGC-12-523199]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) AND (c)**<br><br>**[FEDERAL QUESTION]**<br><br>Complaint Filed: August 13, 2012 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant BARCLAYS BANK DELAWARE (erroneously sued as "Barclays Bank Delaware, National association") ("Barclays") hereby removes this action described below from the Superior Court of California for San Francisco County to the United States District Court for the Northern District of California, pursuant to Sections 1331, 1441(b) and (c), and 1446 of Title 28 of the United States Code ("U.S.C."). The removal is based on the following:

I. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

1. On August 13, 2012, Plaintiff Mariavida Lewis ("Plaintiff") filed a complaint ("Complaint") against Barclays in the Superior Court of the State of California for the County of San Francisco, entitled <u>Mariavida Lewis v. Barclays Bank Delaware, National Association.</u>, Case No. CGC-12-523199 (hereinafter, the "State Court Action"). The Complaint alleges (1) Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Section 1681 *et seq*; (2) Violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code Section 1725.25; and (3) Violation of California Business and Professions Code Section 17200 *et seq* ("UCL"). The Complaint and Summons are attached hereto as **Exhibit A**, as required by 28 U.S.C. §1446(a).

2. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(b) in that it is a civil action arising under the laws of the United States, specifically the FCRA.

3. This Court also has supplemental jurisdiction over Plaintiff's state claims as these claims arise from the same core operative facts relating to Barclays' alleged violations of the FCRA. Accordingly, Plaintiff's state law claims are related to

1 Plaintiff's federal question claims, and thereby form a part of the same case and
2 controversy pursuant to 28 U.S.C. § 1367(a).

3 II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

4     4.   Barclays was served with the Complaint on August 17, 2012.

5     5.   This Notice of Removal is timely in that it is filed within thirty (30) days
6 from the point at which Barclays had notice that the action was removable, and less
7 than a year after the commencement of the state court action. See 28 U.S.C. §
8 1446(b).

9     6.   The Superior Court of California for the County of San Francisco is
10 located within the United States District Court for the Northern District of
11 California—San Francisco Division. See 28 U.S.C. § 84(c)(2). Thus venue is proper
12 in this Court because it is the "district and division embracing the place where such
13 action is pending." 28 U.S.C. § 1441(a).

14     7.   The only defendant named in the Complaint is Barclays. Accordingly,
15 all named defendants consent to this removal.

16     8.   In compliance with 28 U.S.C. § 1446(d), Barclays will serve on Plaintiff
17 and will file with the Clerk of the Superior Court for the County of San Francisco, a
18 written "Notice to the Clerk of the Superior Court of the County of San Francisco and
19 To Adverse Parties of Filing of Notice of Removal of Civil Action to Federal Court,"
20 attaching a copy of this Notice of Removal and all supporting papers.

21     9.   No previous application has been made for the relief requested herein.
22 ///

WHEREFORE, Barclays respectfully removes this action from the California Superior Court for the County of San Francisco to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: September 12, 2012

REED SMITH LLP

By _____
Abraham J. Colman
Raagini Shah
Attorneys for Barclays Bank Delaware

EXHIBIT A

SCOTT J. SAGARIA (BAR # 217981)
SJSagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
Egale@sagarialaw.com
SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 1750
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

**FILED**
Superior Court of California
County of San Francisco

AUG 1 3 2012

CLERK OF THE COURT
BY: _____ Deputy Clerk

**SUMMONS ISSUED**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

CASE NO.: CGC-12-523199

| | |
|---|---|
| MARIAVIDA LEWIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BARCLAYS BANK DELAWARE, NATIONAL ASSOCIATION an FDIC insured corporation and DOES 1 through 100 inclusive,<br><br>　　　　　Defendants. | COMPLAINT FOR DAMAGES:<br><br>1. Violation of Fair Credit Reporting Act;<br>2. Violation of California Consumer Credit Reporting Agencies Act;<br>3. Violation of California Unfair Business Practices Act; |

**BY FAX**

COMES NOW Plaintiff MARIAVIDA LEWIS, an individual, based on information and belief, to allege as follows:

COMPLAINT - 1

0000005

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's discharged debt. In particular, Defendants' conduct involves inaccurately reporting Plaintiff's account as "charged off" to Experian instead of reporting Plaintiff's account as discharged in bankruptcy. Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. 1681s-2 et. seq. and California Consumer Credit Reporting Act, California Civil Code §1785.1 et seq. Additional causes of actions are stated for violations of the California Business and Professions Code 17200.

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.
3. Plaintiff, Mariavida Lewis (hereinafter "Plaintiff"), is an individual and currently resides in the county of San Francisco, California.
4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.
5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.
6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.
7. Defendant, Barclays Bank Delaware, National Association (hereinafter "Creditor") is located at 125 Southwest Street, Wilmington, Delaware 19801. Creditor collects debts on its own behalf throughout the county of San Francisco.
8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature and identity of each fictitious Defendant's responsibility for the matters and things herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint

COMPLAINT - 2

and all proceedings to set forth the same, pursuant to California Code of Civil Procedure 474.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of Defendant is, and at all relevant times herein was, the agent, employee, and alter ego of each of the remaining Co-Defendants, and in committing the acts herein alleged, was acting in the scope of their authority as such agents, employees, or alter egos and with the permission and consent of the remaining Co-Defendants.

### PRE-LITIGATION CLAIM FILINGS

10. On or about April 29, 2011 Plaintiff sent Experian a written notice disputing Creditor's improper reporting of Plaintiff's account as "charged off" instead of discharged in bankruptcy. Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act, Experian provided notice to Creditor of Plaintiff's dispute. After receiving notice of Plaintiff's allegations, Creditor verified the reporting of Plaintiff's account with Experian without removing the "charge off" notation.

### GENERAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

12. On March 5, 2010 Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California.

13. In the Schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed on Schedule F in favor of Creditor in the amount of $11,587.00 (hereinafter "Debt").

14. On June 22, 2010 Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727. Creditor was noticed by electronic transmission of Plaintiff's discharge on June 23, 2010. Since Plaintiff never re-affirmed Creditor's debt during bankruptcy, Plaintiff alleges that this Discharge included the debt to Creditor.

15. On April 28, 2011 Plaintiff pulled his Informative Research credit report, a compilation of reporting information from Experian, Transunion, and Equifax to ensure accurate

reporting. The report indicates that Creditor reported Plaintiff's account to Experian as "charged off" despite Plaintiff's bankruptcy discharge.

16. On or about April 29, 2011 Plaintiff sent a letter to Experian requesting a formal, full, and complete investigation of Creditor's account with Plaintiff. Specifically, Plaintiff disputed with Experian Creditor's inaccurate reporting of Plaintiff's account as "charged off" instead of discharged in bankruptcy.

17. On September 20, 2011 Plaintiff received his Experian credit report in order to verify that the inaccuracies on Plaintiff's credit report were corrected. After receiving notice of Plaintiff's dispute from Experian, Creditor re-reported to Experian that Plaintiff's account was "charged off" even though the bankruptcy discharge removed any obligation to pay Plaintiff's prepetition debt with Defendant. In addition, Creditor failed to report to Experian that Plaintiff disputed the account information.

18. To date, Creditor refuses to correct Plaintiff's credit report despite being noticed of the original bankruptcy and re-noticed of its inaccurate reporting from Experian.

19. The actions of Creditor as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

20. The actions of Creditors as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

21. The actions of Creditors as alleged herein are acts in violation of the California Business and Professions Code § 17200.

**FIRST CAUSE OF ACTION**
(Violation Of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendant Creditor and Does 1-100)

22. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

23. Creditor, in the course of regular business, reports information to credit reporting agencies.

24. Plaintiff promptly disputed Creditor's inaccurate reporting with Experian. Experian sent notice of Plaintiff's dispute to Creditor pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate Plaintiffs dispute pursuant to section 15 U.S.C. 1681s-2(b).

25. Plaintiff is informed that Creditor's investigation was unreasonable because Creditor failed to discover that Plaintiff's account should have been reported as discharged in bankruptcy instead of "charged off". Plaintiff alleges that Creditor inaccurately reported the correct status of Plaintiff's account because as a result of the discharge order, Plaintiff was no longer legally obligated to pay the prepetition debt owed to Creditor.

26. Plaintiff is informed that Creditor's investigation was unreasonable because Creditor failed to discover by reporting Plaintiff's account as "charged off" post bankruptcy without indicating the account was discharged, Creditor mislead other potential creditors by indicating Creditor "charged off" the account at the time of bankruptcy when Creditor had not done so.

27. Plaintiff is informed that Creditor separately violated 1681s-2(b) by failing to report to Experian that the account information was in dispute after receiving notice of Plaintiff's dispute from Experian.

28. Creditor should have discovered the inaccuracies on Plaintiff's credit report through its investigation and should have modified, deleted, or blocked said information pursuant to15 U.S.C. § 1681s-2(b)(1)(E).

29. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit report was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, creditor willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. 1681(n) & (o).

30. As a direct and proximate result of Creditor's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, and such further expenses in an amount to be determined at trial.

31. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

32. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### SECOND CAUSE OF ACTION
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants Creditor and Does 1-100)

33. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

34. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies.

35. Creditor intentionally and knowingly reported inaccurate and false information regarding delinquencies in payment after Plaintiff received a discharge in bankruptcy to credit reporting agencies and date of discharge in violation of California Civil Code § 1785.25(a).

36. Creditor should have discovered through investigation that the reported information of Plaintiff's account is inaccurate.

37. Creditor failed to notify consumer reporting agencies that the information Defendant provided such agencies, was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

38. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25(a).

39. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

40. As a direct and proximate result of Creditors willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, and such further expenses in an amount to be determined at trial.

41. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, additional credit from other credit agencies, suffered humiliation, embarrassment, anxiety, loss of sleep, emotional distress, and defamation of character.

42. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

59. Plaintiff brings this action in individual capacity and on behalf of the general public.

60. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

61. Commencing on or about January 18, 2011 and continuing to the present, Creditor committed the acts of unlawful practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

62. Creditor's acts and practices described above were unlawful under the California Civil Code § 1785.25(a) and therefore constitute unlawful practices within the meaning of Business and Professions Code § 17200.

63. These unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff by inaccurate record keeping, failure to correct inaccuracies

and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

   a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;
   b. Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;
   c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31
   d. Award $2,500 in civil penalties pursuant to California Business & Professions Code § 17206;
   e. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; California Civil Code § 1785.31;
   f. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and California Business and Professions Code § 17200, et seq.;
   g. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

SAGARIA LAW, P.C.

Dated: August 13, 2012     By: _____
Elliot Gale, Esq.
Attorneys for Plaintiff

COMPLAINT - 8

0000012

## PROOF OF SERVICE

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071.

I am readily familiar with the firm's business practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under said practice, correspondence is deposited with the U.S. Postal Service in the ordinary course of business on that same day with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this declaration.

On September 12, 2012, I served the foregoing document described as: **NOTICE OF REMOVAL OF CIVIL ACTION UNDER U.S.C. § 1441(b)( AND (c)** by having placed a true copy thereof in a sealed envelope addressed as follows:

Scott J. Sagaria, Esq.
Elliot W. Gale, Esq.
333 W. San Carlos St.
Suite 1750
San Jose, California 95110
Telephone: (408) 279-2288
Facsimile: (408) 279-2299

I deposited such envelope with postage thereon prepaid with the United States Postal Service at 355 South Grand Avenue, Suite 2900, Los Angeles, California.

I am employed in the office of a member of the bar at whose direction service was effected.

Executed on September 12, 2012, at Los Angeles, California.

_Charles Porter_ (signature)

Charles Koster
Type or Print Name